UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

_____

NEW IMAGE GLOBAL, INC.,

              Plaintiff,

      v.                                        Consol. Court No. 15-00175

UNITED STATES,

              Defendant.

_____

## **ORDER**

      Upon consideration of defendant's motion for leave to withdraw the statements identified in Attachment 1 of defendant's motion, and upon due deliberation, it is hereby

      ORDERED that defendant's motion is granted; and it is further

      ORDERED that the statements marked through by redline in Attachment 1 of defendant's motion are hereby withdrawn from the judicial record of this case.

Dated: _____, 2023                      _____
New York, New York                                            JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE
_____
                                                :
NEW IMAGE GLOBAL, INC.,                         :
                                                :
                   Plaintiff,                   :
                                                :
          v.                                    :   Consol. Court No. 15-00175
                                                :
UNITED STATES,                                  :
                                                :
                   Defendant.                   :
_____ :

**DEFENDANT'S MOTION FOR
LEAVE TO WITHDRAW STATEMENTS**

In conjunction with a separate case involving New Image Global, Inc. (New Image), we recently discovered that statements that were made in good faith during the judicial proceedings of this case were later found to be inaccurate. Although this case is closed, out of a deep commitment to transparency and candor to the Court, defendant, the United States, respectfully requests leave of the Court pursuant to USCIT Rules 1, 7, and 60(a) to withdraw the statements identified in Attachment 1 to this filing. We have simultaneously filed a similar motion before the U.S. Court of Appeals for the Federal Circuit in Case No. 19-2444.

We conferred with counsel for plaintiff, Mr. Elon A. Pollack and Ms. Kayla Owens, of Stein Shostak Pollack & O'Hara, about this motion. On April 20, 2023, via letter served electronically, counsel stated plaintiff's position as follows:

> Plaintiff opposes the government's motion because it views the government's duty of candor to extend to disclosures to the Court of all the potential ramifications of the government's misrepresentations and the withdrawal of this information from the record of these proceedings. The government's pleadings, Customs lab reports, and all supporting documents produced in discovery, misrepresent that the all samples came from Entry No. BIM-1120692-2. These misrepresentations were material to the

court's finding that Customs lab reports were reliable, and the reported weights were accurate. The court, in its own discretion, may set aside the judgment under Rule 60, or provide other relief as allowed by law.

## BACKGROUND

This case involved a challenge to U.S. Customs and Border Protection's (CBP) assessment of excise tax on New Image's imports of XXL tobacco cigar wraps under cover of two entries. The excise tax is calculated using the weight of the product. At importation, New Image declared that its XXL wraps weighed 0.75 grams per wrap. In April 2012, CBP weighed samples of the XXL wraps at its Los Angeles laboratory and determined that the XXL wraps weigh, on average, 0.915 grams per wrap. Specifically, CBP used an "indirect method"[1] to weigh New Image's XXL wraps. We explained in our summary judgment briefing before the Court that: "Using the indirect method, CBP weighed approximately 350 various tobacco cigar wraps from an entry made by New Image in February 2012 (not one of the entries at issue in this case)." *See, e.g.*, Def. Br. at 14, Dkt. No. 91. We also explained that "{o}f the 350 wrappers, 126 were XXL wraps in a variety of flavors" and that the "individual weights of the XXL wraps ranged from 0.875 to 0.96 grams/wrapper with an average weight of 0.915 grams/wrap." *Id.*; *see also* Def. Ex. 8, Dkt. No. 91-8 (Lab Weight Results); Def. Ex. 19, Dkt. No. 91-19 (CBP laboratory reports). The laboratory reports identify Entry No. BIM-1120692-2 as the entry from which the XXL wrap samples were taken. Def. Ex. 19, Dkt. No. 91-19. CBP assessed increased excise taxes for the XXL wraps using the 0.915 grams per wrap weight, pursuant to these test

---

[1] "The 'indirect' method entails measuring the weight of the sealed product, then separately measuring the weight of all materials without the tobacco wrap, and 'indirectly' achieving the weight of the tobacco cigar wrap by subtracting the weight of the non-tobacco materials from the weight of the sealed product." *New Image Glob., Inc. v. United States*, Slip Op. 19-90 at 3 (July 23, 2019) (*New Image I*).

results. Def. Br. at 14, Dkt. No. 91.

In its complaint, New Image alleged multiple claims, most of which it later abandoned in favor of new claims in its summary judgment briefing. *See New Image Glob., Inc. v. United States*, Slip Op. 19-90 at 5-10 (July 23, 2019) (*New Image I*) *aff'd* No. 2019-2444, 2022 WL 1438738 (Fed. Cir. May 6, 2022) (*New Image II*). Specifically, in its summary judgment briefing, New Image argued that CBP "overreached its statutory authority by taxing non-tobacco components of roll-your-own tobacco." *Id*. at 11. New Image also argued that CBP acted in a biased manner and that CBP's weighing methodology "did not conform to the Daubert standards of scientific reliability." *Id*. at 14. Accordingly, the central issue before the Court was whether CBP's procedure for weighing New Image's XXL wraps in order to assess the proper excise tax was in accordance with the excise tax statute and based upon a valid scientific methodology.

On July 23, 2019, the Court granted the Government's motion for summary judgment and denied New Image's motion. *New Image I*, Slip Op. 19-90 (July 23, 2019). The Court held that "{w}eighing all components essential to the final product in determining the correct tax is in accordance with the statute's definition of roll-your-own tobacco and is administratively practicable." *Id*. at 13. The Court sustained CBP's assessment of excise tax on New Image's XXL wraps using the 0.915 grams per wrap weight, finding that the method used by CBP to calculate the 0.915 grams per wrap weight was in accordance with law and scientifically valid under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). *Id*. at 20. New Image appealed this Court's decision, which the U.S. Court of Appeals for the Federal Circuit affirmed. *New Image II*, 2022 WL 1438738. The Federal Circuit issued the mandate on June 28, 2022.

On October 28, 2022, subsequent to final dismissal of this case, New Image filed

complaints in Court Nos. 14-00271 and 15-00316, located at Dkt. Nos. 25 and 21, respectively.[2] In the complaints, New Image alleged, for the first time, that CBP's 2012 laboratory reports are "material misrepresentations, false, and unreliable." 14-00271 Compl. ¶ 39; 15-00316 Compl. ¶ 39. Specifically, New Image asserts that "Customs laboratory reports attributed to Entry No. BIM-11206992[3] {sic} claim to include wraps (both products and flavors) which were not imported on this entry" and therefore the "source of these samples is unknown." 14-00271 Compl. ¶ 39; 15-00316 Compl. ¶ 39. After reviewing these claims, we have come to learn that the XXL wraps sampled and weighed by CBP's Los Angeles laboratory in 2012 were not taken from Entry No. BIM-1120692-2. When submitting the 350 tobacco wraps to the laboratory, the CBP import specialist submitted all of the samples referencing one entry number, BIM-1120692-2, and although some of the 350 samples submitted to the laboratory were taken from that entry, the XXL samples were not.[4] At this time, CBP has identified the entries from which six of the nine XXL samples were sourced.

## DISCUSSION

Pursuant to Rule 60(a) of the Rules of this Court, the "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Although New Image never raised the source of the XXL

---

[2] Court Nos. 14-00271 and 15-00316 (along with Court Nos. 16-00016 and 16-00122) were suspended by the Court under the test case, Court No. 15-00175. New Image and CBP continue to discuss settlement of various administrative matters, which may impact these cases.

[3] New Image misidentifies the entry number to which the 2012 laboratory reports are attributed. The entry number indicated on the 2012 laboratory reports is BIM-1120692-2. Entry No. BIM-1120692-2 was made by New Image on February 23, 2012.

[4] In email correspondence between the import specialist, who completed the Laboratory Sample Labels for each of the tobacco cigar wrap samples, and the Laboratory Director, the Laboratory Director indicated that it was acceptable to use one entry number for all the samples.

5

samples as an issue in this case as it does in Court Nos. 14-00271 and 15-00316, because we take our obligation of candor to the Court very seriously, and in the interest of transparency, we seek to withdraw the statements in this case involving certain representations about the specific entry number from which the XXL samples were taken. Specifically, as detailed in Attachment 1, we made representations in our Answer that "the Customs laboratory in Los Angeles weighed samples of individual wraps from entry no. BIM-1120692-2, the results of which are set forth in laboratory reports dated between April 16 and May 21, 2012," Ans. ¶ 13, CBP "conducted laboratory tests on approximately 350 products from entry no. BIM-1120692-2," *id.* ¶ 29, and "used weights of samples from entry no. BIM-1120692-2." *Id.* Further, in our summary judgment briefing and accompanying exhibits before the Court, we made representations that the XXL wraps that CBP weighed came from one entry in February 2012. *See, e.g.*, Def. Br. at 14, Dkt. No. 91; Def. Ex. 16, Dkt. No. 91-16 (Def. Resp. to Pl. Request for Admissions); Def. Ex. 19, Dkt. No. 91-19.

We made these statements in good faith, and on a reasonable belief of what occurred during the testing of the samples by CBP. The laboratory reports identify Entry No. BIM-1120692-2 as the entry from which the XXL wrap samples were taken, and we had no indication prior to the recently filed complaints that such identification was incorrect. Def. Ex. 19, Dkt. No. 91-19.

CBP has confirmed that the nine XXL wrap samples were sourced from at least three entries filed by plaintiff. Specifically, five of the XXL wrap samples were sourced from New Image Entry No. BIM-1120566-8 dated February 13, 2012.[5] One of the XXL wrap samples was

---

[5] Entry No. BIM-1120566-8 contains Kush XXL White Grape (Lab. Report No. LA2012-0389), Kush XXL Wet Mango (Lab. Report No. LA2012-0416), Kush XXL Sour Apple (Lab. Report

sourced from New Image Entry No. BIM-1120580-9 dated February 15, 2012.[6] At this time, CBP is unable to identify the additional entry or entries from which the remaining three of the XXL wrap samples were sourced.[7] CBP reached this conclusion by first reviewing the assigned import specialist's case notes, emails, and other case files, for additional information regarding the source of the XXL wrap samples weighed in 2012.[8] That review resulted in confirmation that the XXL wrap samples were sourced from several entries and a list of entry numbers from which the cigar wrap samples weighed in 2012 were sourced. CBP next reviewed the invoices and packing lists associated with the identified entry numbers and confirmed that the XXL flavors sampled were included in the identified entries.

CBP also conferred with the Assistant Laboratory Director, Dr. Sheila Eng, who approved the 2012 laboratory reports. Dr. Eng explained that the entry number indicated at the top of the 2012 laboratory reports is the entry number provided on the Laboratory Sample Label accompanying the samples. CBP's review of the written laboratory protocol in place in 2012 confirms that the entry number indicated on laboratory reports is taken from the Laboratory Sample Label accompanying the sample. CBP's review of the Laboratory Sample Labels

---

No. LA2012-0421), Kush XXL Peach (Lab. Report No. LA2012-0440), and Kush XXL Blueberry (Lab. Report No. LA2012-0445). *See* Def. Ex. 19, Dkt. No. 91-19.

[6] Entry No. BIM-1120580-9 contains Kush XXL Naked (Lab. Report No. LA2012-0419). *See* Def. Ex. 19, Dkt. No. 91-19.

[7] The remaining XXL wrap samples are Kush XXL Purple Haze (Lab. Report Nos. LA2012-0415 and LA2012-0420) and Kush XXL Citrus EZ Roll (Lab. Report No. LA2012-0444). *See* Def. Ex. 19, Dkt. No. 91-19.

[8] CBP spoke with retired import specialist, Ms. Donna Peterson, who was assigned to this case in 2012 regarding the source of the tobacco cigar wrap samples weighed in 2012. She was unable to provide any additional information and directed CBP to her emails, files, and case notes for the case.

accompanying the XXL wrap samples confirmed that the entry number listed on each label is BIM-1120692-2. As stated above, when submitting the 350 wrap samples to the laboratory for testing, the import specialist identified only one entry on the Laboratory Sample Labels for all the wrap samples submitted to the laboratory. Although some of the 350 wrap samples were taken from Entry No. BIM-1120692-2, the XXL wrap samples were not.

Given that CBP has confirmed that none of the XXL wrap samples were taken from Entry No. BIM-1120692-2, we respectfully request to withdraw any representations we made to that effect in this case. Given that CBP has confirmed that the XXL wrap samples originated from multiple entries and cannot at this time confirm the source of three of the XXL wrap samples tested, we respectfully request to withdraw any representations we made in this case stating that the XXL wrap samples were sourced from one entry in February 2012.

## **CONCLUSION**

For these reasons, we respectfully request that our motion for leave to withdraw the statements identified on Attachment 1 be granted, and that these statements be removed from the judicial record of this case.

Respectfully submitted,

BRIAN M. BOYTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

|  |  |
|---|---|
|  | /s/ Hardeep K. Josan |
|  | HARDEEP K. JOSAN |
|  | Trial Attorney |
|  | Department of Justice, Civil Division |
|  | Commercial Litigation Branch |
|  | 26 Federal Plaza – Suite 346 |
|  | New York, New York 10278 |
|  | Tel. (212) 264-9245 or 9230 |
| Dated: April 21, 2023 | Attorneys for Defendant |